# CHARLESTON.

PARRILL *vs.* MCKINLEY ET AL.

1873.
January
Term.

6    67
39   172

WILLIAM PARRILL, PLAINTIFF AND APPELLEE, AGAINST WILLIAM MCKINLEY AND A. G. MC-KINLEY, DEFENDANTS AND APPELLANTS.

Decided February 21st, 1873.

## SYLLABUS.

The children of A., who is living, and seized of a tract of land in fee simple, agree to partition the land among themselves, and executed deeds for the parcels severally allotted to each; in pursuance of what was supposed to be a contract between B., and C., two of said children, the portion coming to B., is conveyed by a deed signed by the other children to C., but this deed is never delivered to C., but was handed by B., to his brother Albert; subsequently, and while the parent is still living, B., admits in suit by his creditor to enforce a judgment lien, that he is the owner of the land, which was thus to have been allotted to him, but for which no deed was made to him, but to C. Under this admission the Court decreed the land to be sold, A.,'the parent, being no party to the suit: held, that A. had no such equity in the land as was bound by a judgment lien, and that a decree and sale of said land passed no title to the purchaser.

1873.
January
Term.

D. makes a verbal agreement with E., for an exchange of lands, but afterwards refuses to perform the agreement. At the time D., did not have the legal title. E., brings suit to compel a specific performance of the contract, and by the highest Court in the State, it is ascertained and adjudicated, that he is entitled to have the contract performed. F., being fully informed of all these facts, of the existence of the contract, of its binding obligation, and of the pendency of a suit to enforce it, co-operates with D., in obtaining and using a deed conveying the land to himself, and by virtue of said deed, recovers in ejectment against E. Held: that it is inequitable to allow F., the advantage of a deed obtained under these circumstances, which amount to bad faith and fraud: that he should be perpetually enjoined from all proceedings under the same, and that D., and F., should be decreed to convey the legal title to E., by sufficient deeds for that purpose.

*Boggess* for Appellants.

*Lee & Morrow* for Appellee.

*An appeal from a decree of the Circuit Court of Harrison County.*

*The opinion of Judge Paull, contains a sufficient statement of the case.*

PAULL JUDGE.

Thomas McKinley died intestate in the year 1836, being seized at the time of his death of a tract of land in the county of Harrison, consisting of 350 acres.

Sarah McKinley, his wife, died intestate in the year 1854, being seized at the time of her death of a tract of land in the county of Harrison, consisting of about 425 acres, having survived her husband about 18 years.

The heirs at law of said Thomas McKinley consisted of eight sons and three daughters; and these children very shortly after the death of their father entered into a written agreement under their hands and seals, by which they agreed that their mother might retain possession of the land of which their father had died seized, during her natural life, and at her death, that the said land, as also the 425 acre tract, then owned by their

1873.
January
Term.

Parrill
v.
McKinley et
al.

mother, should be equally divided among the eight sons, according to quantity and quality, &c. In the summer of 1843, and during the lifetime of the said Sarah McKinley, however, the said eleven children of Thomas and Sarah McKinley, pursuant to the aforesaid agreement, executed deeds of partition, conveying to the sons of said Thomas and Sarah, certain parts or parcels of the two tracts of land so owned by their parents, to each one a certain or definite quantity, taken from one or the other of said tracts, or made up from combined portions of each, as had been agreed upon among them; except that a deed for the tract or parcel to have been allotted or partitioned to William McKinley, one of said sons, was executed by himself, and the other children, to William Parrill, the Plaintiff in this suit, and who is the husband of Harriet McKinley, one of said children. This deed however was never delivered to the Plaintiff.

Immediately, or very shortly, preceding this partition of lands among the children of said Thomas and Sarah McKinley, a verbal agreement was made between the said William Parrill and the said William McKinley, for an exchange of real estate; the former to convey unto the latter a tract of land owned by him consisting of about 175 acres, situated in Marion county, in exchange for his undivided interest in the lands situated on Buffalo creek, in Harrison county, and by which, as it seems from the pleadings, the parties intended his interest in the aforesaid two tracts of land belonging to Thomas and Sarah McKinley. This then undivided interest, was afterwards ascertained by the partition aforesaid, and made to consist of 97½ acres of land, taken wholly from the tract of said Sarah McKinley; and for which a deed was executed to the said Plaintiff by the said children, but which deed was never delivered to the Plaintiff.

In this condition of the facts, William Parrill, the

1873.
January
Term.

Parrill
v.
McKinley   et
al.

Plaintiff, in the year 1845, instituted a suit in Chancery, in the Circuit Superior Court of law and chancery for the county of Harrison, against the said William McKinley, to enforce a specific performance of the verbal contract between himself and said William, for an exchange of lands, to which reference has been made. William Mc-Kinley answered the bill, and proofs were taken, and upon the hearing the bill was dismissed. Parrill took an appeal to the Supreme Court of Virginia, which reversed the decree of the Court below, deciding that the plaintiff, Parrill, was entitled to a specific execution of the contract of exchange set forth in his bill; but it appearing to the Court from exhibits filed with the pleadings, that the lands of William McKinley were bound by a judgment lien prior in date to the time of said contract for exchange, and that a decree was rendered for the sale of said lands, and that the same or portions thereof had been sold, the Court directed an enquiry to ascertain whether any title to the Buffalo land in the bill mentioned could be made to the Appellant, and if not, that he have leave to amend his bill, and ask for a rescission of the contract, and any other relief, to which he might be entitled.

In the year 1857, the Plaintiff filed his amended bill against William McKinley, and Albert McKinley, his brother, and one of the sons of Thomas and Sarah McKinley, with the view of obtaining relief in accordance with the views indicated in the opinion of the Court of Appeals.

The amended bill alleges that an action of ejectment had been prosecuted against the Plaintiff by Albert McKinley, William McKinley, and Sarah McKinley, the same being commenced in February, 1853, a few months after the aforesaid decision had been rendered by the Supreme Court of Virginia; and that in the month of January, 1857, a verdict was found against him in favor of Albert McKinley, and that judgment was rendered

1873.
January
Term.

Parrill
v.
McKinley et.
al.

thereon, and that he, said Parrell, the complainant, was liable at any time to be turned out of possession. This action of ejectment was for the recovery of the tract or parcel of land consisting of 97½ acres, which had been allotted to the said William McKinley, and which is now the subject of controversy in this suit.

The bill then proceeds to set forth the title under or by virtue of which, the said Albert McKinley recovered said land; the first mentioned being a deed therefor to himself from his mother, Sarah McKinley, bearing date on the 20th day of December, 1847, and admitted to record on the same day. By previous grants and devises it was shown that the legal title was, at the time of executing this deed, vested in the said Sarah McKinley. The other title of said Albert McKinley, by virtue of which he sought a recovery of said land, was a deed executed to him for said land by G. D. Camden, a commissioner appointed by the Circuit Court of Lewis county, in a decree made by said Court in May, 1846; this deed bears date on the 9th of February, 1852. The decree above referred to was made in the suit of Hambleton and Denham against William McKinley, brought in chancery in the Circuit Court of Lewis county, to enforce the lien of a judgment obtained by them against said McKinley, on the law side of said Court for the sum of $1,940.96, in April, 1841. The decree aforesaid directed the sale of several lots or parcels of land belonging to said McKinley, which the decree recites that said McKinley admitted that he owned, among which, was a lot of 97½ acres in the county of Harrison on Buffalo creek, being the share of the said William McKinley, in the lands of which his father, Thomas McKinley, died seized. At the sale of said lands, under this decree, Albert McKinley became the purchaser of said 97½ acres, and afterwards received a deed therefor, as above recited. The judgment of Hambleton and Denham, the creditors of William McKinley, being in 1841, and prior to any contract verbal or otherwise between

1873.
January
Term.

Parrill
v.
McKinley et
al.

the plaintiff, Parrill, and the said William McKinley, in regard to said 97½ acres, and the same being sold by virtue of the lien of their judgment, it is now contended by Albert McKinley, that said deed from Commissioner G. D. Camden, has conferred on him a title to said land paramount to all legal or equitable claims of the said Plaintiff, Parrill, thereto.

The amended bill proceeds to allege however, that said land in controversy was not in fact or in law subject to the lien of Hambleton and Denham's judgment aforesaid, and other facts and circumstances connected with the acquisition of his title by Albert McKinley, both in obtaining the deed from his mother Sarah McKinley, and his purchase of said land under the decree of the Circuit Court of Lewis county, as would make it wholly unjust and inequitable, that the said Albert McKinley should be allowed to take and keep possession of said land by virtue of his judgment in the ejectment case aforesaid, and praying that he may be forever enjoined from executing said judgment, or taking any further proceedings thereon; and that the said William McKinley and Albert McKinley, who are charged with confederation and fraud be decreed to convey all their interest in said land to the Plaintiff.

Albert McKinley and William McKinley, each, file answers to the amended bill, maintaining the validity of Albert's title to said land under the deed aforesaid from his mother, and under his deed from Commissioner Camden under the decree of the Circuit Court of Lewis county, and denying all fraud and confederation in the premises.——Proofs were taken, and in June, 1869, the case came on for hearing on the amended bill, answers, replications thereto, exhibits and testimony, former orders and proceedings, the decree of the Supreme Court of Appeals of Virginia, and the record and proceedings in the action of ejectment; and a decree was thereupon rendered by the Circuit Court of Harrison county, that

1873.
January
Term.

Parrill
v.
McKinley et
al.

the contract between the plaintiff, Parrill, and the defendant, William McKinley, be specifically executed; that the Plaintiff be quieted in the possession of so much of said land, as he holds in possession; and that he have possession of the small portion thereof held by the said Albert McKinley, and those claiming under him; and to that end that the injunction awarded the Plaintiff, to enforce the judgment in ejectment, be made perpetual; and that he have a writ of possession for any part of the premises, withheld from him by Albert McKinley, or those claiming under him, since the institution of this suit, &c: And further, that the said William McKinley and Albert McKinley do convey said tract of land to the Plaintiff, by good and sufficient deeds, the said William, with covenant of general warranty, and the said Albert with covenant of special warranty, to be duly executed and acknowledged for record; and upon their failure so to do, a Commissioner is appointed to execute and acknowledge such deeds in their behalf, with covenants, as hereinbefore expressed.

From this final decree the defendant, Albert McKinley, takes an appeal to this Court. By virtue of the verdict and judgment in the action of ejectment aforesaid, rendered in his favor, he will have the right, unless restrained by the action of this Court, to enter upon and possess himself of the said tract of $97\frac{1}{2}$ acres, which is now the subject of controversy in this suit. Whether the final decree of the Circuit Court of Harrison county shall be held erroneous, will depend upon the consideration and settlement of this question, to-wit: Whether the legal title of Albert McKinley to this land, as derived by the deed from his mother, or as derived by the deed from the commissioner, G. D. Camden, under the decree of the Circuit Court of Lewis county, is sufficient, under the facts and circumstances disclosed in this record, to bar the equitable claim of the Plaintiff to the absolute ownership and possession of the land in controversy. All right

10

1873.
January
Term.

Perrill
v.
McKinley et
al.

and claim, legal and equitable, of William McKinley, to this land, as between himself and the plaintiff, Parrill, has been determined and adjudicated by the Supreme Court of Virginia. 9 Grat. 1, to be vested, and as the result of their decision, to have been vested in the Plaintiff, since the summer of 1843, at which time, and ever since the Plaintiff has been entitled to the possession and ownership of said land, as against William McKinley. Had he, William McKinley, at that time, in the year 1843, when the partition was made between himself and his brothers, and the portion allotted to himself was designated, in good faith delivered the deed which had been executed by himself and his brothers, conveying this land to the Plaintifft, this controversy would never have arisen. That he was under obligation to do so at that time, or at least to convey himself all his right, title and claim, legal and equitable, to said land to the Plaintiff, the Supreme Court of Virginia, has fully determind; and from that time the Plaintiff has been entitled to all his legal and equitable rights in the premises; and this suit was instituted in 1845, to secure these rights, and reduce them to a firm and actual possession.    William McKinley denied the contract of exchange made with the Plaintiff, and has persistently sought, as shown abundantly by the record, in every way to defeat its fulfilment; and in this effort his brother, Albert McKinley, comes to his aid, by endeavoring to secure the ownership of this land for himself.

The first step that was taken by these brothers for the accomplishment of this purpose, is seen in the proceedings of the Circuit Court of Lewis county, where a decree was entered in the case of Hambleton and Denham, directing the land in question to be sold, as being the property of William McKinley, and as being subject to the lien of their judgment, and to the payment of their debt.    Their judgment was obtained in the year 1841.    In said decree it is recited, that " William Mc-

1873.
January
Term.

Parrill
v.
McKinley et
al.

Kinley admits he owns 97½ acres, situated in the county of Harrison, on Buffalo creek, being the share of the said William McKinley in the lands of which his father, Thomas McKinley, died seized." This was in May, 1846. Under this decree the land was sold, and Albert McKinley became the purchaser, and obtains a deed from the commissioner.

But has any title, legal or equitable, passed by virtue of said decree and deed to Albert McKinley? I think not. The facts shown in this record make it manifest that the recital, made in the admission of William McKinley, as contained in said decree, is not true. This land was not "the share of William McKinley in the lands of which his father, Thomas McKinley, died seized." These 97½ acres constitute no part of the tract of land of which Thomas McKinley died seized in 1836; but constitute a part exclusively of the tract of 425 acres belonging to Sarah. McKinley, who was then in life. It was not possible, therefore, that this 97½ acre tract could be at that time, or any other, subject to the lien of a judgment against William McKinley, as an heir at law of his father, Thomas McKinley.

But it has been contended in argument that, by virtue of the agreement made among the children of Thomas and Sarah McKinley in 1836, in regard to the lands of their parents, and of the partition that was made thereof among themselves in the year 1843, and the deeds which were then executed, and by which partition these 97½ acres were allotted to William McKinley (although not conveyed to him), that he, William McKinley, became possessed of such an equitable title in this particular parcel of land, as to subject it to the lien of his creditor's judgment, and authorize its sale for the payment of his debt. This proposition cannot be maintained. What are the facts? At this very time, when this decree was made by the Circuit Court of Lewis county, this particular piece of land, so decreed to be

1873.
January
Term.

Parrill
v.
McKinley et
al.

sold, belonged in fee simple to Sarah McKinley, and over it she had at that time full and absolute dominion, to dispose of the same either by will or by deed, to whomsoever she pleased. To say, therefore, that William McKinley had at this time such an equitable interest in this land, as would authorize a sale under the decree of a Court, and pass a title to the purchaser, involves a gross and manifest contradiction. The acts of the children in regard to the land of the mother, Sarah McKinley, in which they did not have any legal or equitable rights whatsoever at the time, but simply looking to the possibility of their existence in the future on the happening of the mother's death, can create no such equities, as would pass under the control of a stranger, such as a judgment creditor, by mere operation of law. The name of Sarah McKinley is indeed signed to the agreement made between her children in 1836; but she is not a party named in the contract, nor bound in any way by any agreement, promise or covenant contained therein. This contract of 1836, and the subsequent acts of the children in 1843, may indeed create equities between themselves, dependent upon a future event, or events, to give them value, as to their rights and interests in the land of their mother. As between themselves they may subsequently become matters of litigation, as in the present suit, or matters of estoppel, perhaps, to each other; but as to strangers, they are too imperfect, too immature to become the subjects of any rights whatever.

Under these views, I am of opinion that no title, legal or equitable, to the land in controversy, passed to Albert McKinley by virtue of the sale and deed made to him under the decree of the Circuit Court of Lewis county in 1846. William McKinley did not have at that time any such equity in this particular piece of land as could be made the subject of decree and sale for the payment of his debts, by the operation of a judgment lien.

1873.
January
Term.

Parrill
v.
McKinley et
al.

I now pass to the remaining inquiry, to-wit.: The sufficiency of the legal title acquired by Albert McKinley to the land in controversy, by virtue of the deed executed to him by his mother, Sarah McKinley, bearing date on the 20th of December, 1847. Albert McKinley and William McKinley are themselves not willing to rely upon the sufficiency of the title acquired under the purchase made by Albert in September, 1846, under the decree of the Circuit Court of Lewis county, but took what seemed a surer method of obtaining a valid title to this land, by obtaining a deed from the party who then owned the same in fee simple. Is this deed sufficient in view of the facts and circumstances under which it was obtained, to bar the Plaintiff's claim to the relief which he seeks?

Plaintiff had made a contract with William McKinley for this land in the summer or spring of 1843; and when the partition was made among the children in the same year, this land was actually conveyed to the Plaintiff, Parrill, by a deed signed by the children, in consequence of their knowledge and general understanding of the contract made between the Plaintiff and William McKinley, that the Plaintiff was to have William's share; all these facts were well known by Albert McKinley; he was present when this partition and these deeds were made, and aided in their accomplishment, along with the others. In 1845, this suit is instituted in the Circuit Court of Harrison county, against William McKinley, to compel a specific performance of this contract; and of this fact, of the pendency of this suit, and of its sole object, Albert McKinley is fully informed.

While aware, then, of the existence of this contract, and that a just obligation was resting upon William McKinley to perform it; while aware that this suit was pending, and the object which it had in view; while thus fully aware that the Plaintiff was justly entitled to the ownership and possession of this land, and had re-

sorted to the Courts in order to secure them, Albert McKinley is found actively co-operating with his brother in his efforts to evade and defeat the performance of a just and legal obligation, and to secure the ownership of this land for himself. This deed from Sarah McKinley to Albert is in the handwriting of William McKinley, and is executed by her at his instance and request. So far as it appears, no consideration was paid by Albert on account of this conveyance, the only pecuniary consideration recited in the deed being one dollar. This was an act of bad faith on the part of William McKinley, as otherwise on the death of his mother, ho would have been entitled to this land, and the Plaintiff would have secured its possession. With all this knowledge, Albert McKinley accepts this deed, and thus unites with his brother in this act of bad faith towards the Plaintiff, and uses this deed in the action of ejectment for his own benefit. It matters but little what were the motives of these parties in these acts of hostility towards the husband of their sister. Whether they were actuated simply by feelings of undindness or dislike, or by the secret purpose of securing this land for their own personal benefit, to the wrong and prejudice of the Plaintiff, and of his rights and interests, it would be equally contrary to the principles of justice and equity, to permit the parties, who are now in a Court of Chancery, to retain an advantage which they have secured, by violating the principles of both alike. The final decree of the Circuit Court of Harrison county, rendered on the 4th day of June, 1869, is affirmed, with $50 damages and costs, to the Appellee.

HAYMOND, President, and MOORE, Judge, concur in the foregoing opinion.